**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **JOHN LEZELL BALENTINE,** | : | |
| **Plaintiff,** | : | Civil Case No. |
| | : | |
| **v.** | : | THIS IS A CAPITAL CASE |
| | : | |
| **GREG ABBOTT, Governor of Texas; BRYAN COLLIER, Executive Director, Texas Department of Criminal Justice; DAVID GUTIÉRREZ, Chair, Texas Board of Pardons and Paroles; ELODIA BRITO, Member, Texas Board of Pardons and Paroles; CARMELLA JONES, Member, Texas Board of Pardons and Paroles; BRIAN LONG, Member, Texas Board of Pardons and Paroles; MARSHA MOBERLEY, Member, Texas Board of Pardons and Paroles; LINDA MOLINA, Member, Texas Board of Pardons and Paroles; ED ROBERTSON, Member, Texas Board of Pardons and Paroles,** | : : : : : : : : : : : : : : : : : : : : : : : | ***EXECUTION SET FOR*** ***February 8, 2023 at 6:00 p.m.*** |
| **Defendants.** | | |

**CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. § 1983**

**<u>INTRODUCTION AND NATURE OF ACTION</u>**

1. Today, February 8, 2023, the Texas Court of Criminal Appeals ("CCA") and the Texas Department of Criminal Justice ("TDCJ") scheduled the execution of Plaintiff John Balentine for this evening at 6:00 p.m. The State's unprecedented eleventh-hour action prevents Mr. Balentine from availing himself of the clemency

1

procedures provided under Texas law and prevents the Texas Board of Pardons and Paroles ("the Board") from providing due consideration to Mr. Balentine's requests for a reprieve of his execution and for commutation of his death sentence. Mr. Balentine accordingly brings this action under 42 U.S.C. § 1983 for violations and threatened violations of his right to due process under the Fourteenth Amendment to the United States Constitution.

2.      Texas scheduled Mr. Balentine's execution just hours in advance—not pursuant to its statutory procedures under Tex. Crim. Proc. Code Ann. Articles 43.141, 43.15, and 43.16—but by reinstating a defective execution warrant that had been withdrawn on January 31, 2023. The following day, February 1, 2023, the Board informed Mr. Balentine that it was discontinuing consideration of his clemency application in light of the withdrawal of the warrant. *See* Ex. A. The day after that, TDCJ, through the Warden of the Polunsky Unit, informed Mr. Balentine that his execution would not proceed on February 8.

3.      The Board's *sua sponte* discontinuation of its clemency process has prevented it from giving due consideration to Mr. Balentine's application and resulted in the cancellation of the Board's vote on the application, previously scheduled for February 6, 2023. Further, TDCJ's conflicting and misleading statements to Mr. Balentine and the public about the cancellation of the February 8 execution date have prevented Mr. Balentine and his loved ones from preparing both for his death and

from advocating for his life, as law and justice require. And, because of the unprecedented half-day window between the rescheduling of his execution date and his execution, Texas law now prevents Mr. Balentine from seeking, and the Board from duly considering, a reprieve or commutation of his execution. Each of these actions by Defendants violate Mr. Balentine's right to due process and to be free from cruel and unusual punishment.

4.      If and when the Board recommences consideration of Mr. Balentine's requests for clemency, the clemency process will be manifestly inadequate and perfunctory. The Board's weeklong discontinuation of its consideration of clemency—for the week immediately preceding Mr. Balentine's execution—has resulted in an arbitrary and capricious violation of Mr. Balentine's due process and Eighth Amendment rights. The clemency process undertaken, and discontinued, by the Board is so arbitrary that any rushed decision in the hours before Mr. Balentine's execution amounts to denying Mr. Balentine access to the clemency process altogether. Such a denial of rights created by the State itself violates due process.

5.      Mr. Balentine seeks temporary, preliminary, and permanent injunctive relief to prevent Defendants from executing him on February 8, 2023, and to prevent them from executing him at any time until and unless (1) the Board complies with Texas law and regulations by providing the full, continuous, uninterrupted 21-day time period for consideration of Mr. Balentine's request for commutation of his death

3

sentence; (2) the Board complies with Texas law and regulations by providing the full, continuous, uninterrupted 21-day time period for consideration of Mr. Balentine's request for a reprieve of his execution; and (3) the Board complies with all other applicable law and regulations in considering and deciding Mr. Balentine's requests for clemency. Mr. Balentine does not challenge his conviction or death sentence in this action.

## DISCOVERY

6.      Plaintiff John Balentine intends to conduct discovery in accordance with Federal Rule of Civil Procedure 26.

## JURISDICTION AND VENUE

7.      This action arises under 42 U.S.C. § 1983 to redress the deprivation under color of state law of rights, privileges, and immunities secured by the United States Constitution. The rights sought to be redressed are guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution.

8.      This Court has jurisdiction over this complaint under 28 U.S.C. §§ 1331, 1343, 2201, and 2202.

9.      This Court has personal jurisdiction over the Defendants in this matter because they are residents of the State of Texas, or are presently located in the State of Texas, or are elected or appointed officials of the State of Texas.

10.     Venue is proper in this Court under 28 U.S.C. § 1391(b). All the

Defendants are residents of Texas, and multiple Defendants reside in this District, including TDCJ Executive Director Collier and Board member Marsha Moberly. *See* 28 U.S.C. § 1391(b)(1). In addition, TDCJ intends to execute Plaintiff this evening at the Huntsville Unit, which is in this District, and therefore "a substantial part of the events or omissions giving rise to the claim" will occur in this District. 28 U.S.C. § 1391(b)(2).

## PARTIES

11. Plaintiff John Balentine is a United States citizen and resident of the State of Texas. He is now incarcerated under sentence of death at the Allan B. Polunsky Unit in Livingston, Texas, and is in the custody of the TDCJ. His inmate number is 999315.

12. Mr. Balentine is scheduled to be executed at 6:00 p.m. central time on February 8, 2023.

13. Defendant Greg Abbott is the Governor of Texas and the Chief Executive Officer of the State with offices at 1100 San Jacinto Boulevard, Austin, Texas 78701. Under Article 4, Section 11 of the Texas Constitution, the Governor has the power to grant a reprieve of an execution for up to thirty days and, upon recommendation by the Board, to grant pardons, commutations, and additional reprieves.

14. Defendant Bryan Collier is Executive Director of the TDCJ with offices at 209 West 14th Street, Suite 500, Austin, TX 78701. As such, he is responsible for

the oversight and enforcement of policies and procedures generally applicable to all prisons and all prisoners and is responsible for carrying out Mr. Balentine's execution.

15.    Defendants David Gutiérrez, Elodia Brito, Carmella Jones, Brian Long, Marsha Moberley, Linda Molina, and Ed Robertson constitute the Texas Board of Pardons and Paroles and participate in setting policy and practices for the Board. They maintain offices at 209 West 14th Street, Suite 500, Austin, Texas, 78701. A quorum of the Board is required to participate in Plaintiff's executive clemency hearings and to contribute to the clemency recommendation made to the Governor.

16.    All Defendants are sued in their official capacity.

17.    At all times relevant to this action, Defendants acted under color of state law and their actions constitute state action.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

18.    Exhaustion of administrative remedies is unnecessary under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997(e), because this suit does not challenge prison conditions, because there are no available administrative remedies that could address the challenged constitutional violations, and because it would be impossible to exhaust any such remedies in the hours between today's re-scheduling of Mr. Balentine's execution and the execution itself.

## FACTUAL ALLEGATIONS

### A.     Procedural Background

19.     Plaintiff John Balentine was convicted and sentenced to death in the 320th Judicial District Court of Potter County, Texas in 1999. The CCA affirmed the convictions and sentences on direct appeal, *Balentine v. State*, 71 S.W.3d 763, 766 (Tex. Crim. App. April 3, 2002), an initial habeas appeal, *Ex parte Balentine*, No. WR-54,071-01 (Tex. Crim. App. Dec. 4, 2002), and a subsequent habeas appeal, *Ex parte Balentine*, Nos. WR-54,071-01, WR-54,071-02, 2009 WL 3042425, at *1 (Tex. Crim. App. Sept. 22, 2009).

20.     Mr. Balentine timely sought federal habeas relief, which the district court denied. *Balentine v. Quarterman*, No. 2:03-CV-00039, 2008 WL 862992, at *1 (N.D. Tex. Mar. 31, 2008). The Fifth Circuit affirmed. *Balentine v. Quarterman*, 324 Fed. App'x 304 (5th Cir. 2009). The Supreme Court denied his petition for writ of certiorari. *Balentine v. Thaler*, 130 S. Ct. 484 (2009).

21.     On September 1, 2022, the 320th Judicial District Court of Potter County ordered that Mr. Balentine be executed on February 8, 2023, and the district clerk issued his death warrant on September 2, 2022. Contrary to Tex. Crim. Proc. Code Ann. Articles 43.15 and 43.16, the warrant was not properly served on Mr. Balentine's counsel or TDCJ.

22.     Mr. Balentine timely submitted to the Board an application for

commutation of his death sentence on January 17, 2023. *See* Ex. B. On January 27, 2023, the Board scheduled its vote on Mr. Balentine's commutation request for February 6, 2023.

23.     On January 19, 2023, Mr. Balentine moved to withdraw the warrant of execution based on the State's failure to serve it pursuant to Articles 43.15 and 43.16, and the State responded in opposition on January 30, 2023. On January 31, 2023, the district court found the State had violated Article 43.15 and entered an order recalling "the Warrant of Execution entered by this Court on September 2, 2022 and the execution date of February 8, 2023." *See* Ex. C. On February 1, 2023, the State moved for reconsideration, which the district court denied on the same day. *See* Ex. D.

24.     Later on February 1, 2023, the Board informed Mr. Balentine that, given the withdrawal of his execution warrant, "the Board has discontinued their consideration of recommending to the Governor a Commutation of Death Sentence to Lesser Penalty."

25.     The next day, February 2, 2023, TDCJ removed Mr. Balentine from its "Scheduled Executions" webpage. *See* Ex. E. The withdrawal of the warrant was widely reported in the media. *See* Ex. F.

26.     On the morning of February 2, the Warden of the Polunsky Unit personally informed Mr. Balentine that the warrant had been withdrawn and that he was being taken off "death watch." Later, however, during a legal visit, prison staff

informed Mr. Balentine that, because of missing paperwork, he would remain on death watch. Within an hour, prison staff reversed course again, telling him that they had now received the necessary paperwork, and he was indeed being moved off death watch. The whipsaw continued the next day, however, when prison staff again informed Mr. Balentine that they were awaiting a court order, and that he would therefore remain on death watch.

27.    On the evening of February 4, 2023, TDCJ added Mr. Balentine's name back to its "Scheduled Executions" webpage.

28.    On February 6, 2023, the State filed an extraordinary writ of mandamus in the CCA, asking the court to reinstate Mr. Balentine's February 8 execution date.

29.    Consistent with its decision to discontinue consideration of Mr. Balentine's clemency application due to the withdrawal of the execution warrant, the Board did not hold its previously scheduled vote on Mr. Balentine's commutation request on February 6.

30.    Today, February 8, 2023, the CCA granted the State's mandamus petition and reinstated Mr. Balentine's execution warrant for 6 p.m. this evening. Mr. Balentine immediately applied to the Governor and the Board for a reprieve of his February 8 execution. *See* Ex. G.

**B.    Texas Clemency Procedures**

31.    Texas law provides the following procedures for condemned prisoners

seeking commutation of their death sentence:

**Commutation of Death Sentence to Lesser Penalty**

(a) The Board will consider recommending to the Governor a commutation of death sentence to a sentence of life imprisonment or the appropriate maximum penalty that can be imposed upon receipt of:

> (1) a request from the majority of the trial officials of the court of conviction; or

> (2) a written request of the offender or representative setting forth all grounds upon which the application is based, stating the full name of the offender, the county of conviction, the execution date, and contain the information outlined in § 143.42(1)-(6) of this chapter (relating to Reprieve Recommended by the Board).

(b) The written application in behalf of an offender seeking a Board recommendation to the Governor of commutation of the death sentence to a lesser penalty shall be addressed to the Texas Board of Pardons and Paroles and must be delivered to the Texas Board of Pardons and Paroles, Clemency Section, 8610 Shoal Creek Boulevard, Austin, Texas 78757, not later than the twenty-first calendar day before the day the execution is scheduled…

(c) All supplemental information not filed with the application, including but not limited to amendments, addenda, supplements, or exhibits, must be submitted in writing and delivered to the Texas Board of Pardons and Paroles, Clemency Section, 8610 Shoal Creek Boulevard, Austin, Texas 78757, not later than the fifteenth calendar day before the execution is scheduled…

(d) [specifies number of copies of application and supplements]

(e) [procedure for requesting interview with board member]

(f) [procedure for conducting interview]

(g) The Board shall consider and decide applications for commutation of the death sentence to a lesser penalty. Upon review, a majority of the Board, or a majority thereof, in written and signed form, may:

(1) recommend to the Governor the commutation of the death sentence to a lesser penalty;

(2) not recommend commutation of the death sentence to a lesser penalty; or

(3) set the matter for a hearing pursuant to § 143.43 of this chapter (relating to Procedure in Capital Reprieve Cases).

37 Tex. Admin. Code § 143.57.

32.     These mandatory procedures bind the Board and require an "execution date," *id*., § 143.57(a)(2), for a condemned prisoner to seek commutation. The procedures also provide, inter alia, that the Board will have at least 21 days immediately prior to a scheduled execution to consider an application for commutation of sentence, and at least 15 days immediately prior to a scheduled execution to consider additional materials in support of the application. The Board's weeklong discontinuation of its consideration of Mr. Balentine's application immediately preceding the rescheduled execution date runs afoul of these provisions and deprives Mr. Balentine of the right to be heard.

33.     Texas law provides the following procedures for condemned prisoners seeking a reprieve of an execution date:

**Procedure in Capital Reprieve Cases**

(a) The written application in behalf of an offender seeking a Board recommendation to the Governor or a reprieve from execution must be delivered to the Texas Board of Pardons and Paroles, Clemency Section, 8610 Shoal Creek Boulevard, Austin, Texas 78757, not later than the twenty-first calendar day before the execution is scheduled…

11

(b) All supplemental information, including but not limited to amendments, addenda, supplements, or exhibits, must be submitted in writing and delivered to the Texas Board of Pardons and Paroles, Clemency Section, 8610 Shoal Creek Boulevard, Austin, Texas 78757, not later than the fifteenth calendar day before the execution is scheduled....

(c) [specifies number of copies of application and supplements]

(d) [procedure for requesting interview with board member]

(e) [procedure for conducting interview]

(f) The Board shall consider and decide applications for reprieve from execution. Upon review, a majority of the Board, or a majority thereof, in written and signed form, may:

> (1) recommend to the Governor a reprieve from execution;
> (2) not recommend a reprieve from execution; or
> (3) set the matter for a hearing as soon as practicable and at a location convenient to the Board and the parties to appear before it.

(g) [procedure for providing notice of hearing]

(h) [procedure for conducting open hearings]

(i) Advocates for and against the death penalty, generally, and members of the general public may present written information for the Board's consideration at its central office headquarters at any reasonable time.

(j) After the conclusion of the hearing, the Board shall render its decision, reached by majority vote, within a reasonable time, which decision shall be either to:

> (1) recommend to the Governor a reprieve from execution;
> (2) not recommend a reprieve from execution; or
> (3) recess the proceedings without rendering a decision on the merits, if a reprieve has been granted by the Governor or if a court of competent jurisdiction has granted a stay of execution

(k) Each of the provisions of this section and §143.42 of this title

(relating to Reprieve Recommended by the Board) are subject to waiver by the Board when it finds that there exists good and adequate cause to suspend said provisions and adopt a different procedure which it finds to be better suited to the exigencies of the individual case before it.

37 Tex. Admin. Code § 143.43.

34.     These provisions establish, inter alia, that the Board will have at least 21 days immediately prior to a scheduled execution to consider an application for a reprieve, and at least 15 days immediately prior to a scheduled execution to consider additional materials in support of the application. The State's actions in withdrawing and rescheduling Mr. Balentine's execution date, the half-day notice of execution these actions provide to Mr. Balentine, and the Board's actions in discontinuing consideration of Mr. Balentine's commutation application and in cancelling its February 6, 2023 vote on the application, all provide good cause in support of Mr. Balentine's application for a reprieve. The State's procedures, however, make it impossible, or substantially impair, both Mr. Balentine's ability to obtain a reprieve and the Governor's and Board's capacity to duly consider his reprieve request.

**Additional Provisions**

35.     Under Tex. Admin. Code, section 141.72(b) and Article IV, section 11 of the Texas Constitution, the Board is required to keep a record of its actions and the reasons for its actions.

36.     The Board, if it denies Mr. Balentine's application for commutation and

13

application for reprieve on February 8, 2023, will be acting arbitrarily and denying Mr. Balentine access to the clemency process in a manner that amounts to complete denial of access to that process.

37.     Under Tex. Crim. Proc. Code art. 48.01 and Article IV, section 11 of the Texas Constitution, the Governor may commute a sentence on the recommendation of a majority of the Board of Pardons and Paroles. Under 37 Tex. Admin. Code § 143.41 and Article IV, section 11 of the Texas Constitution, the Governor may issue one 30-day reprieve in any capital case, and may issue one or more reprieves of any length on the recommendation of a majority of the Board of Pardons and Paroles. The timing of TDCJ's and the Board's actions in this matter have deprive Mr. Balentine of an opportunity to be heard and for his reprieve request to be duly considered by the Governor. Moreover, were the Board to recommend commutation of Mr. Balentine's death sentence and/or reprieve of his execution date, the Governor would have inadequate time to duly consider the recommendation. These time pressures substantially impair the Board's ability to fairly consider Mr. Balentine's requests, and unduly incentivize the Board to recommend the denial of these clemency requests.

## **STANDING**

38.     Plaintiff John Balentine has standing to bring this claim.

39.     The "threshold determinants" of standing include: (1) "injury in fact,"

14

both concrete and particularized and actual or imminent, not conjectural or hypo-thetical, (2) a causal, traceable relationship between the injury and the action com-plained of, and (3) a likelihood that a favorable decision will actually, as opposed to speculatively, remedy the injury. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

40.     First, Mr. Balentine's imminent danger of a clemency-deprived execu-tion is an injury in fact. Mr. Balentine is scheduled to be executed today. He timely filed his clemency application on January 17, 2023. On February 1, 2023, and prior to the Board's scheduled vote on February 6, 2023, the Board notified Mr. Balentine that it was no longer considering his clemency application. That discontinuation con-tinued through his execution date, February 8, 2023. As it stands, Mr. Balentine will be executed without access to a meaningful clemency process, and without a clem-ency process in which the Board has followed its own governing rules and proce-dures, all in violation of his Fourteenth Amendment right to due process and Eighth Amendment right to be free from cruel and unusual punishment.

41.     Second, the Board's actions in suspending its consideration of the com-mutation application; in failing to recommend a reprieve; and in denying or failing to recommend commutation after inadequate time for consideration are directly re-lated to, and in fact caused, Mr. Balentine's injury.

42.     Third, a favorable decision will actually, as opposed to speculatively,

remedy Mr. Balentine's injury. A temporary injunction against Mr. Balentine's execution will enable him to receive the full clemency process and consideration that Texas law, the Board's rules, and due process require.

## CLAIMS FOR RELIEF

**I.   The Board Has Violated Due Process and the Eighth Amendment in Failing to Adequately Consider Mr. Balentine's Application for Commutation of Death Sentence.**

43.    Plaintiff John Balentine realleges and incorporates by reference the preceding paragraphs as if fully set out herein.

44.    The Board's failure to abide by its own rules and regulations and thereby provide adequate time to consider Mr. Balentine's application for commutation has been so arbitrary and capricious that this is the rare instance where the clemency process is an appropriate subject for judicial review.

45.    The Constitution guarantees that procedural safeguards apply to clemency procedures. *Ohio Adult Parole Auth. v. Woodard*, 523 U.S. 272, 276 (1998) (holding that the Due Process Clause was not violated by Ohio's procedures; by negative inference, clemency procedures may violate the Due Process Clause); *Garcia v. Jones*, 910 F.3d 188, 191 (5th Cir. 2018) (likewise suggesting that Texas clemency procedures may violate due process). Under *Woodard*, due process protections apply to state clemency procedures and would invalidate, for example, both a "coin flip" mechanism and, as here, the arbitrary denial of access to clemency procedures:

16

> [S]ome *minimal* procedural safeguards apply to clemency proceedings.
> Judicial intervention might, for example, be warranted in the face of a
> scheme whereby a state official flipped a coin to determine whether to
> grant clemency, or in a case where the State arbitrarily denied a prisoner
> any access to its clemency process.

*Woodard* at 289 (O'Connor, J., concurring with Souter, Ginsburg, & Breyer, JJ.); *id.* at 290–95 (Stevens, J., concurring); *see also Garcia*, 910 F.3d at 191 (Texas clemency proceedings violate due process when they are "arbitrary" or amount to "a complete denial of access to the clemency process").

46. Here, 37 Tex. Admin. Code § 143.57 requires that the Board will have at least 21 days immediately prior to a scheduled execution to consider an application for commutation of sentence, and at least 15 days immediately prior to a scheduled execution to consider additional materials in support of the application. The Board's weeklong discontinuation of its consideration of Mr. Balentine's application, in the week immediately preceding the rescheduled execution date, runs afoul of these provisions. The Board's discontinuation likewise precludes Mr. Balentine from receiving meaningful consideration of this commutation application, including by the cancellation of the Board vote scheduled for February 6. These action likewise deprived Mr. Balentine of sufficient notice any negative decision and thereby impaired his ability to prepare for his execution. As such, the Board's actions were arbitrary and denied Mr. Balentine access to the clemency process, in violation of due process.

47.     These same defects also violate the Eighth Amendment, which recognizes a heightened "need for reliability in the determination that death is the appropriate punishment in a specific case." *Woodson v. North Carolina*, 428 U.S. 280, 305 (1976). Clemency acts as a "fail safe" against the arbitrary, capricious, and cruel infliction of the death penalty. *Harbison v. Bell*, 556 U.S. 180, 192 (2009) (quoting *Herrera v. Collins*, 506 U.S. 390, 415 (1993)). The Defendants' interference with the clemency process violates the Eighth Amendment because it removes an essential safeguard ensuring constitutional application of the death penalty.

## II.     The Board Has Violated Due Process and the Eighth Amendment in Failing to Adequately Consider Mr. Balentine's Application for a Reprieve of his Execution Date.

48.     Plaintiff John Balentine realleges and incorporates by reference the preceding paragraphs as if fully set out herein.

49.     The Board's own actions in discontinuing consideration of Mr. Balentine's commutation application, cancelling its February 6, 2023 vote on the application, and failing to recommend commutation, and the Defendants' actions in withdrawing and rescheduling Mr. Balentine's execution date to provide mere hours of notice of his execution, provide compelling bases for Mr. Balentine to seek a reprieve of his execution date. The Board's own procedures, and its application of those procedures here, however, have precluded and substantially impaired Mr. Balentine's ability to request, and receive due consideration from the Governor and the

Board of his request for, a reprieve. *See Young v. Hayes*, 218 F.3d 850, 853 (8th Cir. 2000) (due process violation where the state "unconscionably interferes with a [clemency] process that the State itself has created"); *Wilson v. U.S. Dist. Court for N. Dist. of California*, 161 F.3d 1185, 1187 (9th Cir. 1998) ("Siripongs' assertion that the state's communications misled his counsel about the issues to be considered in the clemency proceeding states a claim of a violation of due process.").

50.     State law and rules establish, inter alia, that the Board will have at least 21 days immediately prior to a scheduled execution to consider an application for a reprieve, and at least 15 days immediately prior to a scheduled execution to consider additional materials in support of the application. 37 Tex. Admin. Code § 143.43(a)-(b). State law further contemplates that "[a]dvocates for and against the death penalty" and "members of the general public" may be heard by the Board on such a reprieve request "at any reasonable time." *Id*., § 143.43(i). The Defendants' actions, however, prevent the Board from following its own rules for considering a reprieve request.

51.     The Defendants' actions preclude Mr. Balentine from receiving meaningful or fair consideration of his reprieve request from the Board and the Governor, in violation of due process. *See Woodard*, 523 U.S. at 276; *Garcia*, 910 F.3d at 191.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff John Balentine requests the following:

A.    An immediate hearing;

B.    Preliminary and permanent injunctive relief precluding Defendants from executing Mr. Balentine on February 8, 2023;

C.    Preliminary and permanent injunctive relief precluding Defendants from executing Mr. Balentine without first providing him full and meaningful access to the clemency procedures established by Texas law and practice.

D.    Such further relief as the Court deems just and proper.

Dated: February 8, 2023.

Respectfully submitted,

/s/ Peter Walker
Peter Walker
Assistant Federal Defender
Federal Community Defender Office
  for the Eastern District
  of Pennsylvania
Suite 545 West, The Curtis Building
601 Walnut Street
Philadelphia, PA 19106
(215) 928–0520
peter_walker@fd.org

*Counsel for the Plaintiff*

20

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2023, I electronically filed the above Complaint with the Clerk of Court using the CM/ECF system. I also sent an electronic copy to:

Edward Marshall
Officer of the Attorney General
P.O. Box 12548
Austin, TX 78711-2548
edward.marshall@oag.texas.gov

/s/ Peter Walker
Peter Walker
*Counsel for Plaintiff*
